UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-40169-3 |
| Plaintiff, | FACTUAL BASIS STATEMENT |
| vs. | |
| JESSICA ANN JOHNSON, a/k/a "Jessica Ann Louviere", | |
| Defendant. | |

The Defendant states that the following facts are true, and the parties agree that they establish a factual basis for the offenses to which the Defendant is pleading guilty pursuant to Fed. R. Crim. P. 11(b)(3):

My name is Jessica Ann Johnson, a/k/a Jessica Ann Louviere.

Count 1

Beginning on an unknown date and continuing until on or about December 7, 2021, two or more persons reached an agreement or came to an understanding to distribute methamphetamine, a Schedule II controlled substance, in the District of South Dakota.

I voluntarily and intentionally joined in the agreement or understanding to distribute methamphetamine sometime around the summer of 2021, while the conspiracy was still in effect.

At the time that I joined the agreement or understanding to distribute methamphetamine, I knew the purpose of the agreement or understanding.

During my involvement, I was part of an agreement to obtain multiple pounds of methamphetamine from a co-conspirator in Arizona. I distributed the methamphetamine I obtained from my co-conspirator. My co-conspirator was aware that I planned to re-distribute the methamphetamine I obtained from him. I also facilitated shipments of methamphetamine from a co-conspirator in Arizona to a co-conspirator in South Dakota by allowing my co-conspirator to use my UPS account to create and pay for shipping labels for packages containing methamphetamine. In November of 2021, I arranged to accept payment of methamphetamine proceeds from one co-conspirator that I would then use to pay a co-conspirator in Arizona, in order to obtain more methamphetamine for myself and my co-conspirator. In this way, I was personally involved in the transportation and distribution of 500 grams or more of a mixture and substance containing methamphetamine.

My involvement in this conspiracy ended with my arrest on December 9, 2021.

## Count 2

Beginning on an unknown date and continuing to on or about December 7, 2021, I, along with at least one other person, reached an agreement or came to an understanding to conduct financial transactions affecting interstate and foreign commerce by conducting money wire transfers using the proceeds from the conspiracy to distribute 500 grams of methamphetamine at financial institutions in the United States. I knew that these transactions were designed in whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of the methamphetamine conspiracy in which I was involved, and while conducting these financial transactions, I knew that the money involved in these transactions were the proceeds from the methamphetamine conspiracy.

I knowingly and voluntarily joined in the conspiracy to commit money laundering sometime around the Summer of 2021 while the conspiracy was still in effect.

During my involvement, I wired funds to other co-conspirators derived from the sale of methamphetamine by utilizing various financial institutions and apps, including CashApp and Western Union. I conducted these transactions to conceal the source of the funds by structuring the transactions in a way so that they would avoid reporting requirements. My co-conspirator provided me the name of another individual to send money to on his behalf. I sent money to the other individual, who resided in Mexico, for the purpose of concealing my other co-conspirator's involvement in the transactions. Additionally, I had multiple conversations with a co-conspirator regarding the movement of funds derived from the sale of methamphetamine on behalf of the conspiracy. I also accepted funds derived from narcotics distribution from wire transfers from one co-conspirator in South Dakota, which I then wired to a co-conspirator in Arizona. All in violation of 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i).

The parties submit that the foregoing statement of facts is not intended to be a complete description of the offense or the Defendant's involvement in it. Instead, the statement is offered for the limited purpose of satisfying the

requirements of Fed. R. Crim. P. 11(b)(3). The parties understand that additional information relevant to sentencing, including additional drug quantities, may be developed and attributed to the Defendant for sentencing purposes.

01/25/2023

Date

_____

Mark Hodges
Assistant United States Attorney

1/20/23

Date

_____

Jessica Ann Johnson,
a/k/a "Jessica Ann Louviere"
Defendant

1/25/2023

Date

_____

Alex Hagen
Attorney for Defendant